DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Keith J. Platz appeals the sentence imposed upon him by the Washington County Court of Common Pleas. Appellant contends that the trial court erred by not following the procedures, or making the requisite findings, under R.C. 2951.03, when appellant had alleged that the pre-sentence investigation report contained inaccurate information concerning his criminal record.
 {¶ 2} For the reasons that follow, we affirm the judgment of the trial court.
 Trial Court Proceedings {¶ 3} In July 1999, Defendant-Appellant Keith J. Platz was arraigned on a charge of felonious assault, in violation of R.C.2903.12(A)(2), and released on his own recognizance after signing a bond promising to appear as required. In December 1999, at a change of plea hearing, appellant pled guilty to a reduced charge of aggravated assault. His bond was continued and sentencing was set for February 2000. Appellant did not appear for that hearing and the trial court issued an arrest warrant. Appellant was taken into custody in March 2000.
 {¶ 4} Subsequently, appellant was indicted for, and a jury convicted appellant of, breach of recognizance, in violation of R.C.2937.29 and 2937.99(A). At his sentencing hearing, the court ordered appellant to serve a twelve-month definite term of imprisonment. The court further ordered that the sentence be served consecutively to the sentence imposed for his assault conviction. The trial court explained that appellant's "criminal history requires consecutive sentences."
 {¶ 5} Appellant appealed his conviction and sentence to this Court.
 {¶ 6} On appeal, this Court affirmed appellant's conviction, but reversed his sentence. In reversing appellant's sentence, we found that the trial court failed to make the requisite findings pursuant to R.C.2929.14(E)(4). Accordingly, we remanded the case to the trial court for re-sentencing. See State v. Platz, Washington App. No. 00CA36, 2001-Ohio-2541.[2]
 {¶ 7} Upon remand, the trial court scheduled another sentencing hearing. Prior to this hearing, appellant filed a brief concerning the issue of consecutive or concurrent sentences. In his brief, appellant informed the court that he was not convicted of domestic violence in early 1999 and that he had never been incarcerated in the state of New York, as was apparently mentioned in an earlier pre-sentence investigation report. In support of his assertions, appellant attached a copy of an entry of dismissal of a domestic violence charge from early 1999 and a letter from the State of New York Department of Correctional Services, which states that they have no record of anyone by appellant's name having been incarcerated in their correctional system.
 {¶ 8} At the hearing, the trial court considered appellant's pre-sentence investigation report. This report listed the following offenses for which appellant was convicted, many of which occurred in New York: 1) unauthorized use of a motor vehicle; 2) possession of a forged instrument; 3) possession of stolen property and theft of services; 4) criminal impersonation; 5) resisting arrest; 6) driving while intoxicated (DWI); 7) DWI and aggravated unlicensed operator; 8) resisting arrest and criminal mischief; 9) DWI; 10) violation of a protection order; 11) assault with intent to cause physical injury to an officer; 12) resisting arrest; 13) domestic violence; 14) aggravated assault; and 15) violation of a temporary protection order. Further, the report states that appellant had been incarcerated in Nassau County, New York.
 {¶ 9} The trial court again imposed a twelve-month definite term of imprisonment. The court also ordered that the sentence be served consecutively to the sentence imposed for his assault conviction. In addition, the trial court found that, due to appellant's extensive criminal history, consecutive sentences were necessary to protect the public from future crime by appellant. The trial court also relied on the fact that appellant did not turn himself in after the warrant for his arrest on the breach of recognizance charge was issued, but instead was arrested in another state and extradited back to Ohio to face the charge. The trial court further found that appellant posed a great risk to the public and that the sentence was not disproportionate.
 The Appeal {¶ 10} Appellant timely filed his notice of appeal and presents the following assignment of error for our review: "Trial Court's [sic] imposition of consecutive sentences was predicated on erroneous findings of prior convictions and a Pre-Sentence Report (PSI) [sic] that contained misstatements of fact in violation of due process of law under the Ohio and United States Constitutions."
 {¶ 11} Appellant asserts in his sole assignment of error that the trial court relied on erroneous information to impose consecutive sentences upon him. Appellant further asserts that the trial court failed to make requisite findings pursuant to R.C. 2951.03 regarding the alleged inaccuracies contained in the pre-sentence investigation report.
 {¶ 12} R.C. 2951.03(B) provides in pertinent part as follows:
 {¶ 13} "(5) If the comments of the defendant or the defendant's counsel, the testimony they introduce, or any of the other information they introduce alleges any factual inaccuracy in the presentence [sic] investigation report or the summary of the report, the court shall do either of the following with respect to each alleged factual inaccuracy:
 {¶ 14} "(a) Make a finding as to the allegation;
 {¶ 15} "(b) Make a determination that no finding is necessary with respect to the allegation, because the factual matter will not be taken into account in the sentencing of the defendant." R.C. 2951.03(B)(5).
 {¶ 16} Appellant informed the trial court of two alleged inaccuracies in the pre-sentence investigation report: 1) the report contained information that appellant had been convicted of domestic violence, a charge which apparently had been dismissed in accordance with a plea agreement; and 2) the report contained information that appellant had been imprisoned in the Nassau County Correctional Center, in New York, which appellant asserted was untrue. Although appellant alleged inaccuracies in the pre-sentence investigation report prior to the re-sentencing hearing, the trial court did not make the findings as required by R.C. 2951.03(B)(5).
 {¶ 17} Appellee concedes that the trial court made no findings pursuant to R.C. 2951.03(B)(5). Nevertheless, appellee asserts that any error on the part of the trial court in not making a finding under R.C.2951.03(B)(5) is harmless. We agree.
 {¶ 18} This Court has already addressed a similar set of circumstances in State v. Griffin (Feb. 12, 1998), Washington App. No. 97CA17, and held that a failure to make the requisite findings pursuant to R.C. 2951.03(B)(5) is harmless error if "the record reflects that none of the trial court's findings or considerations would be affected in the least by the alleged inaccuracies in the report." See State v. Griffin, supra; State v. Persons (Apr. 26, 1999), Washington App. No. 98CA19.
 {¶ 19} As we have noted, appellant challenged the accuracy of two pieces of information found in the pre-sentence investigation report. However, he has failed to show that the trial court specifically relied on this supposed erroneous information. The trial court relied on appellant's extensive criminal history when it chose to impose consecutive sentences. Whether this history included convictions for domestic violence or resisting arrest and an incarceration in New York is immaterial since the trial court relied on the quantum of criminal convictions, not the nature of, or the punishment imposed for, any single conviction. Furthermore, the record supports the sentence imposed.
 {¶ 20} Accordingly, we find that even if the trial court arguably erred in failing to follow the requisite procedures of R.C. 2951.03(B)(5), any such error would not have affected a substantive right and thus, was harmless. See id.; Crim.R. 52.
 {¶ 21} Therefore, appellant's sole assignment of error is overruled, and we affirm the judgment of the trial court.
Judgment affirmed.
Abele, P.J., and Kline, J.: Concur in Judgment and Opinion.
[2] In subsequent appeals, this Court affirmed the trial court's denial of: appellant's motion to withdraw his guilty plea, and denial of appellant's petition for post-conviction relief, which asserted that he had received ineffective assistance of counsel. See State v. Platz, Washington App. No. 00CA25, 2001-Ohio-2543; State v. Platz, Washington App. No. 00CA50, 2001-Ohio-2550.